UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALAN PAGE,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>RAYTHEL FISHER, JR., Warden,<br><br>　　　　　　Respondent. | No. 1:21-cv-00749-NONE-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 1, 5) |

Petitioner Jason Alan Page is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenging the decision of the California Board of Parole Hearings (the "Board") denying parole. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 12, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed for lack of jurisdiction. (Doc. No. 5.) Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 3.)

1

1 On May 28, 2021, petitioner filed objections to the findings and recommendations. (Doc. No. 7.) He continues to assert that the Board violated his due process rights by finding him unsuitable for parole and asks the court to release him from prison. (*Id.* at 2.) As explained in the pending findings and recommendations, however, federal habeas review of a prisoner's denial of parole is limited to procedural due process guarantees only, i.e., whether the prisoner "was allowed an opportunity to be heard and was provided a statement of reasons why parole was denied." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (citation omitted). Petitioner does not raise such challenges here and thus his petition must be dismissed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

In addition, the court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

/////

Accordingly,

1. The findings and recommendations issued on May 12, 2021, (Doc. No. 5), are adopted in full;
2. The petition for writ of habeas corpus, (Doc. No. 1), is dismissed with prejudice;
3. The clerk of court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **July 14, 2021**

UNITED STATES DISTRICT JUDGE